IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-224-T |
| | ) | |
| BILLY DWIGHT SMITH, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court are Defendant Billy Dwight Smith, Jr.'s Motion in Limine to Exclude Use

of the Term "Armed Career Criminal" [Doc. 40] and his Response to Government's Notice of Intent

to Offer Evidence of Other Crimes Pursuant to Fed. R. Evid. 404(b) [Doc. 39].[1]  In the former,

Defendant moves pursuant to Fed. R. Evid. 404(a)(1) for an order prohibiting the government and

its witnesses from using the phrase "armed career criminal" in his jury trial on the theory this would

constitute impermissible character evidence.[2]  In the latter, Defendant objects to the government's

proposed evidence of prior criminal convictions.  The government has responded in opposition to

both of these filings.  The Court heard argument concerning these issues in open court on this date

with Defendant present in person with his attorney, Jack Dempsey Pointer, and the government

represented by Assistant United States Attorneys Tim Ogilvie and David Walling.

---

[1] Defendant has perpetuated a scrivener's error in the government's Notice, which refers to "Fed. R. Crim. P. 404(b)."  The Court has substituted the correct citation.

[2] Although Defendant refers to "Fed. R. Evid. 404(a)(2)" in his brief, he actually quotes Fed. R. Evid. 404(a)(1) and thus the Court utilizes the correct citation.

## Use of "Armed Career Criminal"

Defendant stands accused of submitting a false document in support of a post-conviction motion for relief from a federal sentence imposed under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e).  *See* Pub. L. 98-743, § 1801, 98 Stat. 1837 (1984).  Although the statute does not incorporate this language, the phrase "armed career criminal" has become rooted in legal and popular vernacular.  The Court takes judicial notice that the § 2255 motion at issue uses the words, "Armed Career Offender Act."  *See United States v. Smith*, Case No. CR-00-49-T, Motion Under 28 U.S.C. § 2255 [Doc. 67] at 3 (W.D. Okla. Oct. 9, 2003). This document constitutes the criminal act with which Defendant is charged – making a false declaration under penalty of perjury in a federal proceeding in violation of 18 U.S.C. § 1623(a).  Counsel for the government also reports that Defendant used the term "armed career criminal" in a recorded telephone conversation that will be presented at trial.  Thus the Court finds it would be improper, if not impossible, to excise the term "armed career criminal" from the trial of this case.

On the other hand, the Court agrees with Defendant that it is unnecessary and would be unduly prejudicial for the government or its witnesses to refer to Defendant as an armed career criminal.  The  phrase is simply shorthand for the particular sentencing enhancement Defendant received in an earlier case.  The fact that Defendant qualified for this enhancement is relevant only to the materiality of the alleged false document and to Defendant's motive for submitting it in his quest for post-conviction relief.  The government need not use the term "armed career criminal" to make these points.  Accordingly, the Court will prohibit the government from using that term in reference to Defendant and his prior federal sentence.  The government may argue, and should instruct its witnesses to state, that Defendant's federal sentence was significantly increased or that

he received a substantial sentencing enhancement under a federal law due to the prior conviction that is the subject of the allegedly false document.

## Rule 404(b) Evidence

The government filed a Notice of Intent to Offer Evidence of Other Crimes [Doc. 28], which states an intention to introduce evidence of the following former convictions: (1) Case No. CR-00-49-T (W.D. Okla.), being a felon in possession of a firearm; (2) Case No. CRF-82-5681 (Okla. County, Okla.), second-degree burglary; (3) Case No. CRF-83-417 (Cleveland County, Okla.), robbery with firearms; and (4) Case No. CRF-88-4686 (Okla. County, Okla.), robbery with firearms. Defendant objects to introduction of any evidence of the nature and quantity of his prior convictions, and he proffers a proposed stipulation stating only that he has prior convictions resulting in a sentencing enhancement under 18 U.S.C. § 924(e) when he was convicted in Case No. CR-00-49-T. Defendant relies on *Old Chief v. United States*, 519 U.S. 172 (1997), for the proposition that unfair prejudice should be avoided by presenting relevant evidence concerning former convictions without disclosing the name or nature of the underlying crimes. Although not agreeing with Defendant's position, the government has offered to mitigate any undue prejudice by introducing only the fact of Defendant's prior felony convictions and, to the extent possible, redacting the types of crimes involved and the number of his prior convictions. The Court finds the government's position to be entirely reasonable and to eliminate Rule 404(b)'s concerns.

In so doing, the Court finds *Old Chief* is easily distinguishable. Unlike this case, it involved a status-based conviction under 18 U.S.C. § 922(g)(1). According to the court of appeals, "its holding constituted an exception to the general rule that 'the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away.'" *United States v. Campos*, 221

3

F.3d 1143, 1149 (10th Cir. 2000) (quoting *Old Chief*, 519 U.S. 189); *see also United States v. del Val Soto*, No. 98-2011, 1998 WL 883303, *2 (10th Cir. Dec. 18, 1998).[3]

Further, "Rule 404(b) only applies to evidence of acts extrinsic to the charged crime." *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994); *United States v. Oles*, 994 F.2d 1519 (10th Cir. 1993). Evidence of a prior act is intrinsic to the crime charged "if: (1) it was part of the scheme for which a defendant is being prosecuted, or (2) it was inextricably intertwined with the charged crime such that a witness' testimony would have been confusing and incomplete without mention of the prior act." *Johnson*, 42 F.3d at 1316 (internal quotations and citations omitted). In this case, at least two of Defendant's prior convictions constitute intrinsic evidence: the federal conviction from which he sought post-conviction relief with an allegedly false document; and the state conviction to which the document in question pertained. The Court again takes judicial notice that the legal memorandum filed by Defendant in support of his § 2255 motion, to which the document was attached, repeatedly refers to the state court conviction of "second-degree burglary." *See United States v. Smith*, Case No. CR-00-49-T, Memorandum of Law and Fact in Support of Motion [Doc. 68] at 4-5 (W.D. Okla. Oct. 9, 2003). The other convictions arguably constitute intrinsic evidence as well. The sentencing enhancement from which Defendant sought § 2255 relief requires three previous convictions of certain types of offenses. *See* 18 U.S.C. § 924(e)(1).

To the extent Defendant's prior convictions are extrinsic evidence to which Rule 404(b) applies, the Court understands the government's current position to be that it will not reveal the nature or number of those convictions, except to the extent stated in Defendant's own words in the

---

[3] Unpublished decision cited pursuant to 10th Cir. R. 32.1(A)

letters he wrote or telephone conversations he had concerning the alleged offense.  The Court finds this evidence to be admissible under Rule 404(b).

There are four requirements for admissibility under Rule 404(b):  (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence is to be considered only for the limited purpose for which it was admitted. *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *United States v. Fitzherbert*, 13 F.3d 340, 343 (10th Cir.1993).  Here, Defendant's prior convictions are offered for proper purposes, namely, to establish the materiality of the allegedly false document and Defendant's motive for submitting it.  The evidence is plainly relevant to those issues.  The Court also finds the probative value of this evidence, which is obviously prejudicial, is not substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.  The government should be permitted to prove its case with evidence of Defendant's own conduct in regard to his § 2255 motion.  Key questions concerning Defendant's knowledge of the alleged falsity of the document he submitted and its materiality to his § 2255 proceeding should be decided by the jury in the context of all relevant evidence regarding Defendant's understanding of his legal situation and the documents in question. In short, the strong probative value of the evidence to which Defendant objects justifies its admission.  The Court will, of course, give an appropriate limiting instruction if Defendant so requests.

**Conclusion**

Therefore, Defendant's Motion in Limine to Exclude Use of the Term "Armed Career Criminal" [Doc. 41] is GRANTED in part and DENIED in part.  The government need not excise the phrase "Armed Career Criminal" from physical evidence but is prohibited from using these words at trial to describe Defendant or his prior federal sentence.  Also, Defendant's objection to the government's proposed evidence of other crimes [Doc. 39] is OVERRULED.  The Court will permit the introduction of prior convictions in the manner and to the extent proposed by the government subject to a limiting instruction, if one is requested.  Defendant should submit any proposed cautionary instructions related to these issues not later than 8:00 A.M. on Monday, April 9, 2007.

IT IS SO ORDERED this 6th day of April, 2007.


RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE